UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STRUCTURAL CONCRETE PRODUCTS, INC.<br>4337 Ridgewood Center Drive<br>Woodbridge, Virginia 22192<br><br>        Plaintiff<br><br>v.<br><br>CHANEY ENTERPRISES LIMITED PARTNERSHIP<br>2410 Evergreen Road, Suite 201<br>Gambrills, Maryland 21054<br><br>CHANEY BROTHERS, INC. in its capacity of as<br>General Partner of Chaney Enterprises Limited Partnership<br>2410 Evergreen Road, Suite 201<br>Gambrills, Maryland 21054<br><br>        Defendants | Civil Action No. _____<br>(Jury Demand)<br><br><br>SERVE: Incorp Services, Inc.<br>        1050 Vermont Ave., # 910<br>        Washington, DC 20005<br><br>SERVE: D.C. Dept. of Consumer<br>        and Regulatory Affairs<br>        1100 4th Street, SW<br>        Washington, DC 20024 |

Plaintiff, demanding trial by jury, alleges:

1. This is an action for indemnity, brought by a construction subcontractor against a concrete supplier, seeking reimbursement of a loss assessed to the plaintiff by the project general contractor on July 24, 2018, for the costs that were incurred by the general contractor as the result of defendants having supplied deficient concrete to a District of Columbia construction project, for work on the DC Jail.

2. This Court's jurisdiction is founded on diversity of citizenship, 28 U.S.C. § 1332. The parties are residents of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial part of the events giving rise to this claim occurred in the District of Columbia.

4. Plaintiff is a corporation which specializes in the construction of caissons, which is organized and existing under the laws of the Commonwealth of Virginia; which maintains its

place of business in Woodbridge, Virginia; and which is duly authorized to transact business in the District of Columbia.

5. Defendant Chaney Enterprises Limited Partnership is a limited partnership which is engaged in the supply of concrete products which is organized and existing under the laws of the State of Maryland; which maintains its place of business in Gambrills, Maryland; and which is duly authorized to transact business in the District of Columbia.

6. Defendant Chaney Brothers, Inc. is a corporation which is organized and existing under the laws of the State of Maryland, and which is the General Partner of Chaney Enterprises Limited Partnership. Chaney Brothers, Inc. does not maintain a registered agent in the District of Columbia and service of process will be effected on the District of Columbia Department of Consumer and Regulatory Affairs as the company's statutory agent.

7. During 2012, the District of Columbia, by and through its Department of Corrections, entered into a contract with a Joint Venture of Prince Construction Company, Inc. and W.M. Schlosser Company, Inc. ("the Prince-Schlosser JV") for the Renovation and Expansion of the Inmate Processing Center of the D.C. Central Detention Facility, 1901 D Street NE, Washington, DC ("the Project").

8. By written agreement dated January 25, 2013, the Prince-Schlosser JV subcontracted to the plaintiff, Structural Concrete Products, Inc. ("SCP"), the work encompassed by Specification § 31 6329, Drilled Concrete Piers and Shafts, which also incorporated portions of Specifications § 31 2000 (Earth Moving); § 31 2319 (Dewatering); Division 3 (Concrete); and the Geotechnical Engineering Report.

9. On December 12, 2012, Chaney Enterprises Limited Partnership ("Chaney") submitted a written Proposal to SCP, for the supply of the concrete required for the Project. The

Proposal specifically provided, in conformance with the Project Specifications, for the supply of concrete with a strength of 4,000 pounds per square inch ("psi").

10. SCP accepted Chaney's Proposal on December 14, 2012, thereby creating a binding contract between the parties.

11. By means of Submittals made by Chaney and certified by the Project Consulting Engineers, Chaney represented to SCP that the concrete delivered by Chaney to the Project would be a specific mix which had a strength in excess of 4,000 psi.

12. In September 2013, contracting officials for the D.C. Department of Corrections discovered that the concrete supplied by Chaney was not the approved mix but was an inferior mix only designed for 3000 psi, and portions of which failed to even achieve the 3000 psi level ("the Nonconforming Concrete").

13. As a result of the discovery of the Non-Conforming Concrete, the District of Columbia required Prince-Schlosser JV, in its capacity as General Contractor, to engage in extensive testing of the concrete at issue, and to undertake structural engineering analysis of whether the building itself was sufficiently sound in light of the Nonconforming Concrete.

14. By the time the Non-Conforming Concrete was discovered, the building under construction was so far advanced that replacement of the concrete at issue would have required demolition of the entire structure, which would have resulted in a massive claim on the part of the District of Columbia against Prince-Schlosser JV. Thus Prince-Schlosser JV had a considerable incentive to prove to the District of Columbia that the Project was structurally sound notwithstanding the weakness of the concrete supplied by Chaney.

15. In order to mitigate its damages, Prince-Schlosser JV engaged professional engineering services for the purpose of establishing that the new section of the DC Jail could be

safely placed in service, notwithstanding that the structure was resting on concrete foundations consisting of Nonconforming Concrete.

16. During the investigation by Prince-Schlosser JV to determine whether the concrete had to be replaced or accepted as is, the District of Columbia withheld final payment to Prince-Schlosser JV, and Prince-Schlosser JV, in turn, withheld final payment from SCP in the amount of $277,991.02, pending a determination whether the District of Columbia would accept the building as is, and whether the delays associated with the Nonconforming Concrete would result in assessment of damages by the District of Columbia against Prince-Schlosser JV.

17. Based on evidence presented by structural engineers engaged by Prince-Schlosser JV, in late 2013 the District of Columbia agreed to accept the new portion of the DC Jail as is, without structural modifications. The issue whether the District of Columbia would assess damages against Prince-Schlosser JV, however, remained unresolved.

18. After the acceptance of the Nonconforming Concrete by the District of Columbia, Prince-Schlosser JV continued to withhold payment from SCP pending resolution of negotiations with the District of Columbia with respect to the District of Columbia's potential damage claim against Prince-Schlosser JV.

19. On July 24, 2018, Prince-Schlosser JV issued to SCP a Deductive Adjustment to the Prince-Schlosser JV-SCP Subcontract Agreement, a copy of which is attached hereto as Exhibit A and incorporated herein by reference, in the amount of $191,308.10, as reimbursement for "Engineering Services to Certify As-Built Caissons" and related expenses incurred by Prince-Schlosser as the result of the supply by Chaney of Nonconforming Concrete.

20. The sole and proximate basis for the $191,308.10 deduction from SCP's Subcontract Agreement with Prince-Schlosser by the Deductive Adjustment was the supply to the Project by Chaney of Nonconforming Concrete.

21. It was reasonably foreseeable that supplying deficient concrete to a subcontractor, which subcontractor was in turn contracted to supply such concrete to a general contractor for use in a public facility, would result in liability on the part of the subcontractor to the general contractor, as well as incurring expenses itself, including legal fees.

22. As a direct and proximate result of Chaney's supply of deficient concrete to the DC Jail project, SCP itself incurred legal fees for attempting to resolve the matter with Schlosser, as well as fees and expenses incurred in this action seeking indemnity from Chaney, in an amount yet to be determined.

23. As a direct and proximate result of the discovery of the Nonconforming Concrete, Prince-Schlosser JV withheld payment from SCP of $277,991.02, which amount would otherwise have been paid on or about October 1, 2013. The withholding of such funds from SCP deprived SCP of that amount of working capital, which could have been used to fund additional projects, and to avoid incurring interest obligations on the part of SCP to SCP's bank.

24. As a direct and proximate result of the deprivation of SCP of the use of such capital, SCP suffered a loss of $88,485.

25. Pursuant to common law principles of indemnity recognized by the District of Columbia, Chaney has a legal obligation to indemnify SCP for the losses SCP incurred as a direct and proximate result of a breach of contract by Chaney.

WHEREFORE, Structural Concrete Products, Inc. demands judgment, jointly and severally, against Chaney Enterprises Limited Partnership and its general partner, Chaney Brothers, Inc., in the amount of $264,962.33, plus pre-judgment interest, reasonable attorney's fees, and such other and additional relief as this Court deems just and proper.

STRUCTURAL CONCRETE PRODUCTS, INC.

_____
Philip C. Jones, DC Bar # 196097
JONES & COHEN
1125 West Street, Suite 200
Annapolis, MD 21401
(410) 921-3360
pjones@jonescohenlaw.com
*Counsel for Plaintiff*

## SCP Contract Status

**Caisson Issue Back charges to SCP**

**Group A:   Engineering Services to Certify As-Built Caissons**

| Item | Name | Date | Description | Amount |
|---|---|---|---|---|
| 1 | Barrett | 10/31/2013 | Coring samples | 1,235.00 |
| 2 | WJE | 1/14/2014 | WJE Final charge | 17,642.50 |
| 3 | WJE | 2/27/2014 | Lab charge | 9,670.31 |
| 4 | WJE | 12/23/2013 | Professional Services | 4,568.23 |
| 5 | DW Kozera | 12/19/2013 | Drilled shaft analysis | 3,584.00 |
| 6 | DW Kozera | 2/28/2014 | Provide report | 2,162.50 |
| 7 | GeoServices | 12/23/2013 | Soil Boring Test | 4,271.00 |
| 8 | CMC | 10/25/2013 | Petrographic test | 27,595.00 |
| 9 | Morabito | 11/4/2013 | Caisson Concrete Ana | 3,775.00 |
| 10 | Morabito | 12/13/2013 | Caisson Analysis | 600.00 |
| | | | TOTAL | 75,103.54 |

**Group B:   Material & equipment -Excavate & backfill to take core samples**

| | Name | Date | Description | Amount |
|---|---|---|---|---|
| 1 | DC Material | 10/31/2013 | Backfill for the excavat | 509.96 |
| 2 | DC Material | 10/28/2013 | Backfill for the excavat | 649.39 |
| 3 | Washington Rental | 12/12/2014 | Equipment rental | 2,990.61 |
| 4 | White Cap | 10/29/2013 | Epoxy Fill Holes | 4,851.82 |
| 5 | Concrete purchased by JV | 1/22/2014 | Chaney concrete mate | 12,303.22 |
| | | | TOTAL | 21,305.00 |

**Group C:   Other expenses**

| | Name | Date | Description | Amount |
|---|---|---|---|---|
| 1 | JV's Expense | Labor Charges | Provide assistance for | 3,743.36 |
| 2 | TK extra | 5/21/2014 | Ramp retaiing wall | 20,716.20 |
| 3 | TK winter | 12/5/2013 | Winter protection | 34,000.00 |
| 4 | JV | | Acceleration | 22,000.00 |
| 5 | TK Forms | 12/4/2013 | Doka Rental | 6,800.00 |
| 6 | TK Down Time settlement | Equipment | See TK letter dated on | 7,640.00 |
| | | | | 94,899.56 |

Total Above (A thru C):  $     191,308.10


EXHIBIT A